**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN WILEY** | : | |
| **Plaintiff** | : | |
| **v.** | : | **NO.:** |
| | : | **CIVIL ACTION** |
| **PROGRESSIVE SPECIALTY INSURANCE COMPANY** | : | |
| **Defendant** | : | **PLAINTIFF DEMANDS TRIAL BY JURY** |

**CIVIL ACTION COMPLAINT**

Plaintiff, **STEPHEN WILEY**, by and through her attorneys, **ACD LAW FIRM, LLC**, aver as follows upon causes of action set froth below:

**PARTIES**

1. Plaintiff, **STEPHEN WILEY,** is an adult individual who at all times relevant hereto, resided at 309 E. Brown Street, Norristown, PA 19401.

2. Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY**, is a corporation or other business entity engaged in the insurance business, which operates in the Commonwealth of Pennsylvania, and at all times relevant to this cause of action was authorized and did sell liability insurance policies throughout the Commonwealth of Pennsylvania.

3. Defendant maintains a corporate headquarters at 300 North Commons Blvd., Mayfield Village, OH 44143.

## JURISDICTION AND VENUE

4. There is diversity of citizenship as the Plaintiff is a citizen of Pennsylvania and the Defendants are corporations headquartered in Ohio. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.

5. Plaintiff demands trial by jury pursuant to Fed. R.C.P. 39(b). This Court has venue over this matter because the cause of action arose in this judicial district and the contract arises from .

6. The Defendant operates its business throughout the Commonwealth of Pennsylvania and a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district. 28 U.S.C. §1391.

7. This Court has pendant jurisdiction and supplemental jurisdiction over the related state claims in this matter.

## FACTS

8. Prior to May 6, 2022, the Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY,** issued a policy of automobile liability insurance to **STEPHEN WILEY.** Said policy was effective on all dates hereinafter mentioned. A copy of this policy is attached hereto as Exhibit “A”.

9. The aforesaid policy of automobile liability insurance provided for payment of underinsured motorist benefits in accordance with the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

10. On or about September 18, 2023. the aforesaid policy of automobile liability

insurance, including the provisions for payment of underinsured motorist benefits, was in full force and effect.

11. On the aforesaid date, a vehicle owned and operated by the tortfeasor was traveling on Henderson Road in King of Prussia, PA when it was so carelessly, recklessly, and negligently operated and controlled that they crashed into Plaintiff's vehicle.

12. By reason of the aforesaid culpable conduct of the tortfeasors as hereinbefore alleged, the Plaintiff, **STEPHEN WILEY**, suffered severe and permanent injuries to his body, including lumbar injuries requiring decompression surgery and epidural injections, and aggravation and/or exacerbation of all known and unknown prexisting medical conditions. He has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to attend to his usual duties and occupation, all to her great financial detriment and loss. The Plaintiff, **STEPHEN WILEY**, believes and therefore avers that his injuries are permanent in nature.

13. As a result of the aforesaid occurrence, the Plaintiff, **STEPHEN WILEY**, has been compelled, in order to effectuate a cure for the aforementioned injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purposes in the future.

14. As a result of the aforesaid occurrence, the Plaintiff, **STEPHEN WILEY**, has been prevented from attending to her usual and daily activities and duties, and may be so prevented for an indefinite time in the future, all to his great detriment and loss.

15. As a result of the aforesaid occurrence, the Plaintiff, **STEPHEN WILEY**, has suffered physical pain, mental anguish, and humiliation and she may continue to suffer

same for an indefinite period of time in the future.

16. The insurance company for the tortfeasor tendered its $15,000.00 policy limits. The tortfeasor was insured by Progressive.

17. Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** as the insurer of **STEPHEN WILEY** gave its consent to settle with the tortfeasor.

18. At all times relevant hereto, Plaintiff advised Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** that he was resolving the underlying suit with the tortfeasor and thus, intending to make a claim for UIM benefits.

19. On or before September 18. 2023, Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** acknowledged that Plaintiff was pursuing an underinsured motorist claim.

20. Upon information and belief, the **PROGRESSIVE SPECIALTY INSURANCE COMPANY and .** insurance policy applicable to this loss does not contain an arbitration clause regarding the UIM claim. As such, this litigation was commenced to seek recovery of underinsured motorist benefits under the **PROGRESSIVE SPECIALTY INSURANCE COMPANY and** . policy of insurance.

21. As the negligent tortfeasor who caused the severe and permanent injuries sustained by Plaintiff, **STEPHEN WILEY**, was underinsured, Plaintiff, **STEPHEN WILEY**, request and are entitled to recovery of the limits of their UIM coverage through the Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** and ..

22. At all times relevant hereto, Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** engaged in the insurance business for profit.

23. At all times relevant hereto, Defendant, **PROGRESSIVE SPECIALTY**

**INSURANCE COMPANY** was engaged in the business of selling insurance and insurance policies in the Commonwealth of Pennsylvania, and specifically, did sell the said policy of liability insurance covering Plaintiffs.

24. The premium requested by the Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** as payment for said policy of said insurance policy had, prior to Sept. 18. 2023, been paid in full.

25. As the insurer of Plaintiff, Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** has a fiduciary, contractual and statutory duty towards Plaintiffs with respect to the payment of underinsured motorist benefits.

26. As the insurer of Plaintiff, Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** has a fiduciary, contractual and statutory duty towards Plaintiffs to negotiate their claim in good faith in order to arrive at a prompt, fair, and equitable settlement.

27. Due to the documented injuries suffered by **STEPHEN WILEY** which injuries are reported to be permanent, the value of her claim was in excess of the combined policy limits of both the third-party insurance carrier and the policy limits of Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY.**

28. Despite this, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** refused to negotiate in good faith and instead attempted to low-ball the Plaintiff, hoping to prey on an insured who would accept a low amount in desperation.

29. To date, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** has paid no UIM benefits at all to its insured **STEPHEN WILEY**.

**COUNT I**

**STEPHEN WILEY v. PROGRESSIVE SPECIALTY INSURANCE COMPANY and . COMPANY**
**BREACH OF CONTRACT (UIM)**

30. Plaintiffs hereby incorporate by reference the preceding paragraphs of this Complaint as though fully set forth herein at length.

31. The said policy of insurance as herein above alleged constituted a valid contract between Plaintiffs as insureds and Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY**.

32. The involved insurance contract imposed upon the Defendants, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** and its agents, servants, and employees acting within the course and scope of their employment with **PROGRESSIVE SPECIALTY INSURANCE COMPANY** a duty to use good faith and apply fair dealing towards the Plaintiffs/Insureds in handling claims.

33. Plaintiff herein at all times relevant to this cause of action fully and completely cooperated with the Defendant herein and fulfilled all of their obligations under the policy of insurance at issue which was in full force and effect at all times relevant to the underlying action.

34. Pursuant to the terms of the contract, Defendant is obligated to pay Plaintiffs the policy proceeds, including the policy limits for which Plaintiffs paid premiums, and an amount equivalent to the bodily injury limits if no effective UIM lower limit election forms were signed by Plaintiff and secured by Defendant.

35. By failing to pay underinsured motorist benefits after accepting the premiums

paid and by further failing to negotiate with Plaintiffs and/or their authorized representatives in good faith, Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** has breached its fiduciary, contractual, and statutory obligation to Plaintiffs.

36. As a result of Defendant's breach of its fiduciary, contractual and statutory obligations to Plaintiffs as set forth above, Plaintiffs were forced to litigate claims against Defendant, forced to incur costs and attorneys' fees, and forced to suffer other damages in an exact amount yet to be determined.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus interest, costs, expenses, and such other relief as this Court deems just and proper.

## COUNT II

## STEPHEN WILEY v. PROGRESSIVE SPECIALTY INSURANCE COMPANY
## 42 Pa.C.S.A. §8371 - STATUTORY BAD FAITH

37. Plaintiff hereby incorporates the foregoing paragraphs as though fully set forth herein at length.

38. Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY**, has violated its fiduciary, contractual and/or statutory duties of good faith and fair dealing by acting in bad faith towards Plaintiff in violation of the policy’s implied covenant of good faith and fair dealing, and in specific violation of 42 Pa.C.S.A. §8371.

39. Plaintiff herein alleged that the acts and/or omissions of Defendant acting individually by and through their agents, servants and employees acting within the course and scope of their employment, as herein above alleged, constitutes conduct and behavior

that was reckless, willful and wanton, which would entitle the Plaintiff to punitive damages under the decisional law and statutory law of the Commonwealth of Pennsylvania.

40. The statute of the Commonwealth of Pennsylvania, known and characterized as the “Bad Faith” Statute, Act of February 7, P.L. 11 1990 No. 6 §3, (42 Pa.C.S.A. §8371 Actions On Insurance Policies, sub-chapter G. Special Damages), provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith towards the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Access court costs and attorney fees against the insurer.

41. Plaintiff herein brings this action for bad faith under and by virtue of the statutes of the Commonwealth of Pennsylvania entitled “Actions on Insurance Policies,” 42 Pa. C.S. §8371 *et seq*., for damages herein above alleged, with interest thereon, compensatory damages, together with punitive damages, and for assessment of court costs and attorneys fees against Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** as insurer of Plaintiff herein.

42. Plaintiff further brings this action against Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY**, acting by and through its agents, servants and employees of **PROGRESSIVE SPECIALTY INSURANCE COMPANY**, as insurers, for breach of their contractual duties of an insurer in Pennsylvania towards an insured for:

a. failing to acknowledge and act promptly upon written and oral communications with respect to claims arising under the insurance policy;

b. failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

c. refusing to pay claim without conducting a reasonable investigation based upon all available information;

d. failing to affirm or deny coverage of claims withing a reasonable time after proof of loss statements had been completed and communicated to the company or its representatives;

e. not attempting in good faith to effectuate prompt, fair and equitable settlement of claims in which Defendants liability under the policy has become reasonably clear;

f. compelling persons to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately recovered in actions brought by such persons;

g. failing in its duties to its insured in violation of its policy of insurance and under the laws of Pennsylvania;

h. failing to fulfill its fiduciary duty to Plaintiff;

i. failing to afford the interest of its insured (the Plaintiff) the same faithful consideration it gives its own interest;

j. taking the unreasonable position with respect to contractual rights of the policyholder and acting unreasonably to avoid paying a reasonable sum for Plaintiff’s claims; and

k. deliberately and intentionally hiring paid defense doctors who act on behalf of insurance companies whose reports are biased, self-serving and disingenuous.

44. As the insurer of Plaintiff, Defendant owes a fiduciary, contractual and

statutory duty to Plaintiff to negotiate her claim in good faith to arrive at a prompt, fair and equitable settlement.

43. Nevertheless, Defendant knowingly and recklessly acted without legal justification or cause when failing to negotiate in good faith and/or to pay Plaintiff a sum to which Plaintiff was entitled.

44. At all times relevant hereto, Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** with a dishonest purpose, knowingly breached a known duty (i.e. to act in good faith and fair dealing) as it was motivated by self-interest.

45. As a result of the above described conduct, Plaintiff was forced to litigate claims against Defendant, forced to incur costs and attorneys fees, and forced to suffer other damages in an exact amount yet to be determined and for which she is entitled to compensatory, consequential and punitive damages and attorneys fees, including but not limited to those damages provided by 42 Pa. C.S.A. Section 8371.

**WHEREFORE**, Plaintiff demands judgement against Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** in an amount in excess of $75,000.00, plus interest on the amount of the award for compensatory damages from the date of the claim made by Plaintiff in an amount equal to the prime rate of interest plus 3%, plus punitive damages, plus reasonable attorney fees, plus costs and such other relief this Court deems proper under 42 Pa. C.S.A. §8371.

**COUNT III**

**STEPHEN WILEY v. PROGRESSIVE SPECIALTY INSURANCE COMPANY**
**COMMON LAW BAD FAITH**

46. The averments of the preceding paragraphs are incorporated herein and made a part hereof as though fully set forth herein at length.

47. The said policy of insurance between Plaintiff and **PROGRESSIVE SPECIALTY INSURANCE COMPANY and .** as hereinabove alleged constituted a contract binding on Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY**

48. The said insurance contract imposed upon the Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY and .** and upon its agents, servants and employees acting within the course and scope of their employment with **PROGRESSIVE SPECIALTY INSURANCE COMPANY** an agreement and a duty upon the said Defendant to use good faith and apply fair dealing towards the Plaintiff/insured in handling his claim.

49. When **PROGRESSIVE SPECIALTY INSURANCE COMPANY and .** issued a policy of insurance, Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** assumed a corresponding duty and obligation to protect those insured under the contract and provide coverage when due.

50. Plaintiff herein, at all times relevant to this cause of action, fully and completely cooperated with **PROGRESSIVE SPECIALTY INSURANCE COMPANY .** herein, and fulfilled all of his obligations under The **PROGRESSIVE SPECIALTY INSURANCE COMPANY and .** Policy of insurance at issue which was in full force and effect at all times relevant to the underlying action.

51. Refusing to pay the UIM coverage available to Plaintiff, the Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** herein breached its contractual obligation to Plaintiff under the said policy of insurance, by failing to act in **STEPHEN WILEY**'s interests.

52. The Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** herein, in the performance of the said contract, owed to Plaintiffs a fiduciary duty to act in

good faith.

53. The Defendant, **PROGRESSIVE SPECIALTY INSURANCE COMPANY** breached the aforesaid contract of insurance in the following manner which includes but is not limited to the following:

(a) failing to protect Plaintiff herein under the contract of insurance as herein above alleged which was in full force and effect at all times relevant hereto;

(b) failing in its duties to Plaintiff, in violation of its policy of insurance and under the laws of Pennsylvania;

(c) failing to fulfill its fiduciary duty to **PLAINTIFF**;

(d) failing to afford the interest of its insured (**PLAINTIFF** herein) the same faithful consideration it gives its own interest;

(e) failing to act in good faith with respect to the underinsured policy limits at issue;

(f) failing to perform a prompt good faith investigation as to the facts concerning this claim and the laws governing this claim;

(g) taking the unreasonable position with respect to contractual rights concerning The **PROGRESSIVE SPECIALTY INSURANCE COMPANY and .** Policy and acting unreasonably to avoid paying for a covered loss.

**WHEREFORE**, Plaintiff demands judgment against Defendant **PROGRESSIVE SPECIALTY INSURANCE COMPANY and .** in an amount in excess of $50,000.00, plus punitive damages, treble damages, compensatory and/or consequential damages allowed by law, together with interests, and costs, and such other relief as the Court deems just and proper.

**ACD LAW FIRM LLC**

Dated: **October 17, 2026** **BY:** ______________________

**Adam C. Davis, Esquire**
**ID No. 207186**
**200 Eagle Road**
**Suite 250**
**Wayne, PA 19087**
**(610) 975-4560**

**VERIFICATION**

I, **STEPHEN WILEY** , state that I am the within named Plaintiff and that the facts set forth in the foregoing **CIVIL ACTION COMPLAINT** are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

______________________________

DATED: **October 18, 2026**

# Exhibit A

CONRAD INSURANCE
175 STRAFFORD AVE
WAYNE, PA 19087

PROGRESSIVE® AUTO

**Policy Number: 970878765**
Underwritten by:
Progressive Specialty Insurance Co
August 8, 2023
Policy Period: Jun 21, 2023 - Dec 21, 2023
Page 1 of 2

STEPHEN WILEY
MICHELLE WILEY
308 E BROWN ST
NORRISTOWN, PA 19401

**1-610-642-9999**
**CONRAD INSURANCE**
Contact your agent for personalized service.

**agent.progressive.com**
**Online Service**
Make payments, check billing activity, update policy information or check status of a claim.

**1-800-274-4499**
To report a claim.

# Auto Insurance Coverage Summary

## This is your Declarations Page
## Your policy information has changed

Your coverage began on June 21, 2023 at the later of 12:01 a.m. or the effective time shown on your application. This policy period ends on December 21, 2023 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy contract is form 9611A PA (02/16). The contract is modified by form A230 (11/16).

### COLLISION COVERAGE FOR RENTAL VEHICLES

**IF THIS POLICY PROVIDES COLLISION COVERAGE, IT WILL APPLY TO VEHICLES YOU RENT, BUT NOT TO VEHICLES RENTED FOR 6 MONTHS OR MORE.**

### FRAUD NOTICE

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

### Policy changes effective June 21, 2023

| | |
|---|---|
| Changes requested on: | Aug 7, 2023 |
| Requested by: | Progressive |
| Premium change: | $312.00 |
| Changes: | The Home Owner discount has been removed from your policy. |

### Underwriting Company

Progressive Specialty Insurance Co
P.O. Box 6807
Cleveland , OH 44101
1-800-876-5581

### Drivers and resident relatives

| | Additional information |
|---|---|
| Stephen Wiley | First Named insured |
| Michelle Wiley | Named insured |

## Outline of coverage

**2022 HONDA ACCORD HYBRID 4 DOOR SEDAN**

VIN: **1HGCV3F27NA012271**

Garaging ZIP Code: 19401

Primary use of the vehicle: Commute

Length of vehicle ownership when policy started or vehicle added: At least 1 year but less than 3 years

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $733 |
| Bodily Injury Liability | $250,000 each person/$500,000 each accident | | |
| Property Damage Liability | $100,000 each accident | | |
| First Party Benefits | | | 170 |
| Medical Expenses | $10,000 each person | | |
| Income Loss | $1,000 each month/$5,000 maximum | | 5 |
| Funeral Benefit | $2,500 each person | | 5 |
| Accidental Death | $5,000 | | 5 |
| Uninsured Motorist - Nonstacked | $100,000 each person/$300,000 each accident | | 34 |
| Underinsured Motorist - Nonstacked | $100,000 each person/$300,000 each accident | | 134 |
| Comprehensive | Actual Cash Value | $500 | 473 |
| Collision | Actual Cash Value | $500 | 651 |
| Rental Reimbursement | up to $50 each day/maximum 30 days | | 151 |
| Roadside Assistance | | | 5 |
| **Total 6 month policy premium** | | | **$2,366.00** |

## Premium discounts

| Policy | |
|---|---|
| 970878765 | Electronic Funds Transfer (EFT) |

| Vehicle | |
|---|---|
| 2022 HONDA ACCORD HYBRID | Driver and Passenger-side Airbag, Passive Anti-theft Device and Smart Technology Discount |

Smart Technology Discount [SM] is a service mark of Progressive Casualty Ins. Co.

## Tort Option

This policy provides limited tort insurance.

## Company officers

President

Secretary

PROGRESSIVE CLAIMS
P.O. BOX 94670
CLEVELAND, OH 44101-9919

PROGRESSIVE®

**Underwritten by:**
Progressive Specialty Insurance Company
**Claim Number:** 23-3058972
**Loss Date:** September 18, 2023
**Loss State:** PA

Pansini, Mezrow & Davis
Adam C Davis
1500 JOHN F. KENNEDY BLVD
SUITE 501
PHILADELPHIA, PA 19102

# Claim Information

February 15, 2024

Dear Adam C Davis,

Please be advised that Progressive Specialty Insurance Company was unable to locate the properly executed forms for Stephen Wiley's policy.

Therefore, for this claim only the coverage will be reformed to reflect Underinsured Motorist coverage equal to the bodily injury limits of $250,000/person and $500,000/accident. This coverage will be stacked with one vehicle on the policy. The limited tort will be reformed to full tort.

If you have any questions, please contact me.

Dawn Eberle
Claims Department

**Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.**

**Visit claims.progressive.com**
Track the status and details of your claim, e-mail your representative or report a new claim.

**Contact us**
1-610-276-4732
1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-844-268-4665



Form CLM0000025 (01/22)